### HARRY J. SPOTTS, Master, AND OWNERS OF STEAMER WILLIAM B. CLIFTON *v.* COWAN, DYKERS & SPAULDING.

*A person dealing with a known agent in a matter within the scope of his agency, gives credit to the principal.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.

*Wolfe & Singleton*, for plaintiffs. *R. M. Kearney*, and *Garnett Duncan*, for defendants and appellants.

SLIDELL, C. J. The plaintiffs, owners of the steamer Clifton, claim from the defendants $350, freight of two hundred barrels of molasses, which amount of cargo they allege defendants promised to furnish the steamer at Bayou Sara and a neighboring point, to be carried thence to Louisville. The answer of the

SPOTTS
v.
COWAN ET AL.

defendants alleges that they acted merely as agents for principals disclosed at the time, and undertook no personal liability.

The whole freight engagement appears to have been made at one time, and was for two lots; one hundred and fifty barrels to be delivered to the steamer at Bayou Sara, and fifty at the plantation of one *Coffman*, a few miles above that town. It is in evidence that the defendants are commission and forwarding merchants, doing business at New Orleans. *Raley*, one of their correspondents, a resident of Kentucky, but then at Bayou Sara, in this State, addressed them a letter from Bayou Sara, under date of 11th of February, 1852, in which, after instructing them upon other matters of business to be attended to for him, he uses this language : " You will please speak to the boat that Mr. *Maxwell* comes on, to take molasses at this place, say one hundred and fifty barrels, at city prices, for me." This letter was shown to the steamer's agent; freight was engaged accordingly, and the following letter was delivered open to the steamer's clerk :

" New Orleans, February 14, 1852.
" Mr. F. RALEY,
          " Bayou Sara.

" Dear Sir :—This will be presented to you by the steamboat W. B. Clifton, which we advised you yesterday that we had engaged to stop and take your one hundred and fifty barrels of molasses; also to stop and take a lot for Mr. *Lancaster*, at Dr. *Coffman*'s plantation, four miles above Bayou Sara. The freight, as was advised you, is $1 75 per barrel to Louisville. If you wish us to insure the molasses, please advise us, and we will have it endorsed on our policy.

          " Respectfully, &c.

                    " COWAN, DYKERS & S

It is admitted that the steamer reserved sufficient room on her departure from New Orleans, and stopped at the appointed places according to the agreement, but no cargo was furnished, and she was compelled to proceed on her voyage with the room unoccupied.

Under the general principles of the law of agency, it is clear the defendants cannot be held liable for the freight engaged for *Raley*. They were, to the knowledge of plaintiffs, acting as agents for *Raley*, under his written instructions exhibited at the time ; there was no express understanding that the defendants should respond for *Raley*'s punctuality in the fulfillment of the agreement which he requested them to make for him, nor any circumstances from which an intention to make themselves personally liable for their principal, can be clearly deduced. The defendants are therefore absolved under the general rule, that a person dealing with a known agent in a matter within the scope of his agency, gives credit to the principal; unless they can be brought under some exception to that rule. To do this, the plaintiffs invoke the rule of the commercial law, which, in certain cases, holds the agent of a foreign principal personally liable ; and seeks to apply it to this case upon the theory, that a principal who resides in a State of this Union, is to be regarded as a foreign principal with regard to commercial contracts made by his agent in another State, and such agent may therefore be held personally.

We deem it unnecessary in the present case to meet the question, whether the States of this Union are to be considered foreign to each other in such sense, as to let in the rule of the commercial law concerning the liability of a

SPOTTS
*v.*
COWAN ET AL.

foreign factor. In looking to the circumstances of this case, we do not find a contract made by an agent here for a principal living abroad, and sending his orders hither from a foreign country. The principal was within this State when he gave the mandate, subject to the laws and amenable to the remedies of the creditor's own forum; and the agreement to put the cargo on board was to be fulfilled by himself within this State.

Although the evidence is not so explicit as to the portion of the agreement for *Lancaster's* freight, it seems to have been made on a similar footing.

It is proper to add, that there is not evidence of a usage of trade affecting this question.

Judgment reversed, and judgment for defendants; plaintiffs to pay costs in both courts.